# NASHVILLE TRUST CO. v. ASKEW.—184 S. W. (2d) 945.

Middle Section.    September 23, 1944.

Petition for Certiorari denied by Supreme Court, January 6, 1945.

David M. Keeble and Walker & Hooker, all of Nashville, for appellant.

Armistead, Waller, Davis & Lansden, of Nashville, for appellee.

HOWELL, J.  Jean Haggard Askew was the adopted daughter of Dr. W. D. Haggard, who died on January 28, 1940. The Nashville Trust Company qualified as executor of his estate and Mrs. Askew, on February 3, 1941, filed a claim against the estate amounting to $58,871.25, which amount she said was due her as income from a trust created by W. D. Haggard for her on July 30, 1926, which will hereinafter be referred to.  The bill in this cause was filed on March 21, 1941, by the executor against Jean Haggard Askew, and prayed that the Chancery Court adjudicate the merits of the claim and order proper disposition of it.  Copies of the trust agreement and of the amendments thereto were filed as exhibits to the bill. The defendant answered setting up her claim and denying that she had received the income from the trust from her adopting father and averring that all the sums paid to her and for her by her father since the creation of the trust were funds freely and voluntarily given her by him and were charged to her or against her share of his estate in his will, a copy of which was filed as an exhibit to her answer.

A stipulation as to certain of the facts was filed on April 15, 1942, and an amended stipulation was filed on April 25, 1942. On May 25, 1942, the cause was referred

by the Chancellor to the Clerk and Master for a report on the amount of money that came into the hands of Dr. Haggard from the trust created by him for the daughter and the amounts paid out by him so as to constitute a credit on the defendant's claim.

The Clerk and Master reported that Dr. Haggard had expended from the account of Jean Haggard Askew sums in excess of the amounts received by him.

Exceptions were filed to the report of the Clerk and Master and upon the hearing these exceptions were overruled, the report confirmed and the Chancellor held that the claim of the defendant should be disallowed, and assessed the defendant with the costs.

The defendant Jean Haggard Askew appealed to the Supreme Court from the action of the Chancellor and the cause was transferred to this Court.

The defendant has assigned the action of the Chancellor in denying her claim as error and contends mainly that the Chancellor erroneously held that the complainant executor had sustained the burden of showing that the money paid to Dr. Haggard as income from the trust had been properly used by him. It is the insistence of defendant that these expenditures by Dr. Haggard for the maintenance, education and support of the defendant were made by him in discharging his legal obligation to his adopted daughter.

The question for determination here is: Whether or not in an action against Dr. Haggard's executor for an accounting with reference to these funds the executor of Dr. Haggard's estate may be allowed credits for funds expended by him for the support and education of his said daughter, Jean Haggard Askew.

The trust agreement mentioned provided among other things that the Trustee, a New York bank, should apply

the income to the use of Jean Haggard, born April 26, 1912, and that such income should be paid to the parent or guardian of such minor, or applied for her benefit and the receipt of such parent or guardian or evidence of the application of such income should be a full and sufficient discharge of the Trustee for such payment. The trust agreement was amended so as to provide for certain specific payments upon the happening of certain events. Again it was amended so as to provide that payments of income by the Trustee be made to a brother-in-law of Dr. Haggard, J. W. Holman, until the beneficiary should attain the age of 25 years and it was again amended so as to provide that the income be paid to Joseph W. Holman during the life of the creator of the trust, Dr. Haggard. The trustee was also relieved of any obligation to see to the application of such sums paid to Joseph W. Holman.

The report of the Clerk and Master, concurred in by the Chancellor, found that Dr. Haggard had expended for the use and benefit of his daughter sums in excess of the amounts received by him from the Trustee.

Dr. Haggard had two sons by a second marriage and while these boys were still small children and on June 3, 1936, he executed a will by which he devised the bulk of his property to these two sons and his adopted daughter, the defendant herein. In equalizing the bequests to his three children the testator provided in Item 9 of his will as follows:

"But one-third of the remainder of the beneficial interest in said Trust properties which would otherwise constitute the beneficial part and interest of my adopted daughter Jean therein, is to be decreased and diminished to the extent of Sixty-Six Thousand ($66,000.00) Dollars representing money heretofore advanced and paid out

by me, through the years, for her benefit; and is also and likewise to be decreased by the further sum of Eighty-Six ($86,000.00) Thousand Dollars which I hereby fix as the value to her of the Trust heretofore set up by me with City Bank Farmers Trust Company, of New York, successor trustee, hereinbefore referred to in Item 6 hereof.

"The other two-thirds of all the remaining beneficial interest in all of the said Trust properties, which are to be held and administered for the benefit of my said two sons—(one-third to each)—will therefore be increased by the same amount by which the one-third of my adopted daughter Jean is to be diminished because of the expenditure and the Trust heretofore made for her benefit, to-wit: by the gross sum of One Hundred Fifty-Two Thousand ($152,000.00) Dollars."

We deem citation of authorities not necessary for the conclusion that the testator had a right to make such provision in his will as he saw fit for his three children and therefore this provision of his will charging the daughter with the amounts set apart and expended for her is valid, and we agree with the Chancellor that this will must be regarded and looked to separately and apart from the trust instrument and that the language of this section of Item 9 of the will, in explanation of his bequests to his daughter and sons, is conclusive and binding on her and has no bearing on his obligations or duty as to the disposition by him of the income received during his lifetime from the trust estate.

We also agree with the Chancellor when he said in an opinion filed in this cause as follows:

"This Court cannot escape the conclusion that Dr. Haggard considered that he had fully discharged every filial and financial obligation, in full and generous measure that

he owed to his adopted daughter, and that he had no idea that she could, or would, make further claim against his estate for the large sum herein contended for.

"The record shows that throughout the years in question he sent his adopted daughter to fashionable schools, camps and on extended trips, and lavished on her every advantage that money could reasonably procure. Having placed some $86,000.00 in trust for her benefit, he then proceeded to use the income in accordance with its announced purposes and evidently considered that he was fully justified in this course. The trust instrument itself, and the letters of Dr. Haggard made exhibit to the stipulation in this cause, afford strong evidence of his purpose and his interpretation of the trust instrument.

"The record shows that, in addition to many expenditures for defendant over and beyond the reasonable requirements of a parent, Dr. Haggard spent large sums of money on and conveyed to the defendant, certain valuable real estate, bought her a home after she married, and then in his will, bequeathed her certain real estate in addition to a one-third remainder of his estate, after subtracting the trust formerly created for her and $66,000.00 which he estimated in his will he had spent for her use and benefit.

"It is not reasonable to suppose that he would have made these gifts during his lifetime, and the bequests in his will, while still considering himself indebted to her in the large amount claimed herein, with no mention of it in a long and carefully drawn will, disposing of his entire estate."

In this cause the fact is that Dr. Haggard expended on his daughter and advanced to her more than the income received from the trust fund and his obligation to ex-

pend this income for her use and benefit was fulfilled. There is nothing in the record indicating the contrary. His purpose in making the provision quoted above in Item 9 of his will was to equalize the shares of his three children. The defendant was married, had been well educated and had every advantage of travel and constant care and attention of her adopting father and the two sons were small and their proper education and raising was of importance in order that they may have the same advantage as their adopted sister. We see no merit in the claim of the defendant.

In Sizer's Pritchard on Wills, Second edition, Section 770, on page 880 et seq., it is said:

"Questions of advancement are always questions of the intention of the parent at the time the property is received by the child, to be arrived at from a survey of the conduct and conversation of the donor at and about that time; and the character of the transaction must depend on its own circumstances, and can not be altered by subsequent events or purposes. In the absence of proof, the intention is supplied by the presumption which the law raises in furtherance of its policy of equality, that when a parent makes a gift to a child it is intended as an advancement which must be accounted for by the child receiving it, in the division of the parent's estate, rather than a simple gift to such child of so much in excess of the other children; and this presumption stands until overcome by clear and satisfactory proof that the donor did not intend it as an advancement."

In the case of In re Estate of Willmott, 211 Iowa 34, 230 N. W. 330, on page 332, 71 A. L. R. 1018, on page 1023, it is said:

"It is a correct doctrine to say that payments of money made by a debtor to an existing creditor, or made

by one who is under obligation to pay to the receiver thereof, such payments will be deemed presumptively to apply as credits upon the obligation, and not as gratuities or gifts. This rule of presumption has special application and special importance in a case against the estate of a decedent. The claimant's attitude towards the payments of money received by her from her grandmother is involved in inconsistency. If the grandmother had not put herself under legal obligation to pay the full value of the claimant's services, then these liberal payments of money could be deemed as gifts of affection and gratitude. On the other hand, if by contract the grandmother had become the employer of the claimant, and had bound herself by obligation to pay her fully for her services, then she became debtor to the claimant as fast as such services accrued. If she actually made substantial payments from time to time, elementary justice requires presumptively that they be applied upon the debt. If the position of the claimant is sustainable at all, it would be equally sustainable if the payments had amounted to the full value of her services. If there was a definite understanding for full payment for the services, then these alleged gifts put the grandmother in the inconsistent attitude of making liberal gratuities and yet neglecting to pay any part of her contractual obligation. Of course this rule of presumption does not render it legally impossible for a debtor to make a money gift to his creditor. But the proof of such an anomaly involves a very substantial burden upon the donee creditor.''

We are of the opinion that the presumption in this case is inescapable that Dr. Haggard intended that the amounts expended by him for the use and benefit of the defendant should operate to discharge any obligation

incurred by him in receiving from the Trustee the income from the trust fund. All the circumstances surrounding the case show this to be true.

The decree of the Chancellor holding that the defendant Jean Haggard Askew has no valid claim against the estate of W. D. Haggard for any amounts paid out by the Trustee on account of the income from the trust fund is affirmed. The assignments of error are overruled.

We do not deem it necessary to discuss the assignment of error filed by the complainant with reference to the Statute of Limitations.

Felts and Hickerson, JJ., concur.